JACOB W. BERMANT, Doing Business Under the Firm Name of SKINNER & BERMANT, Appellant, *v.* MARY S. KEVENEY, Respondent.

(Supreme Court, Appellate Term, First Department, January, 1915.)

Attorneys — employment of, on contingent fee — when entitled to recover agreed compensation — offer of settlement.

> Where an attorney who was employed upon a contingent fee to prosecute a claim for defendant against an elevated railroad company for damages to her property communicated to her an offer made by the company to settle said claim, and recommended that it should not be accepted because inadequate, and subsequently communicated another offer of settlement to defendant with a like recommendation, and defendant accepted the last offer and without assigning any reason discharged her attorney, he is entitled to recover his agreed compensation.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, seventh district, rendered in favor of defendant after a trial before a judge and a jury, and also from an order entered denying plaintiff's motion to set aside the verdict and for a new trial. The pleadings were oral.

Arthur Furber (Edgar M. Cullen, of counsel), for appellant.

Charles F. Kingsley (William Schuyler Jackson, of counsel), for respondent.

Supreme Court, Appellate Term, January, 1915.   [Vol. 88.

DELANY, J.   The complaint alleges damages for a breach of contract in the sum of $229.87.   The defendant's answer thereto was a general denial.   The action was brought by Jacob W. Bermant, an attorney, to recover his agreed compensation under a written contract which was to this effect:

" I, the undersigned, the owner of premises No. 1522–1524 and 1526 Second Avenue, New York City for myself, my heirs, executors and administrators do hereby retain Skinner & Bermant as my attorneys to protect my rights appurtenant to said property against the forceful or other taking of the same, and to prosecute and collect any claim I may now or hereafter have against the Interborough Rapid Transit Company and others for past, present and future interference with or encroachment upon the easements appurtenant to the above named premises by action or proceedings to assess damages or for other relief or by settlement, and I agree to pay said attorneys for their services an amount equal to one-third of the sum recovered or received.

" If no damages are collected I am not to pay said attorneys anything for their services.

" No settlement shall be made without the consent of said owner.

" NEW YORK, *July* 20, 1910.

                              " MARY S. KEVENEY."

Under this written contract the plaintiff undertook to perform the duties of an attorney at law, and from time to time took the required steps to prepare for the trial of the cause; to prosecute inquiries in relation to the rights of the defendant, and to consult with the representative of the Interborough Rapid Transit Company in reference thereto.   The testimony shows that a number of visits was made by the plaintiff to the

defendant and a number of letters written to her in reference to the several matters which arose in the course of the performance of his duties, and also answering letters from her. One such subject of correspondence was that in April, 1912, plaintiff saw many times the counsel who had charge of the settlement of the case for the railroad company, and received from him a statement of terms upon which the defendant's case would be settled, which was ten dollars a front foot damages for the right to construct and operate a third track on the Second and Third Avenue lines. This offer was communicated to the defendant, but it was accompanied by the plaintiff's recommendation that in his opinion it was inadequate, that a larger sum might be recovered and that it should not be accepted. Subsequently, there was another such offer of settlement induced by the interviews with the railroad company whereby in lieu of costs in addition to the amount already offered, two dollars a front foot was offered. This offer was also communicated to the defendant and with similar advice to reject it as insufficient. The defendant, seemingly, at the time concurred in this recommendation. Negotiations on the part of the attorney and correspondence with the defendant continued until October 28, 1913, when, at defendant's request, plaintiff agreed to reduce the amount of compensation under his contract from one-third to one-quarter of the sum recovered or received.

On March 11, 1912, the defendant wrote to the plaintiff a letter discharging him as her attorney, stating: "I hereby notify you that I will not require your services in the matter regarding the claim for damages on property 1522, 1524 and 1526 Second Avenue, from the Interborough Rapid Transit Company." No cause for the alleged discharge was assigned, and the

**530**          BERMANT *v.* KEVENEY.

records of the case show that there was no malfeasance or misfeasance or any other fault in the conduct of the matter on the part of the attorney alleged, and, apparently, no difference at any time arose between them.

Subsequently, and on April 13, 1914, the defendant accepted from the Interborough Rapid Transit Company the offer which had been previously made of $10 per front foot damages, and $2 per front foot allowance for disbursements for her frontage on the avenue of seventy-six feet seven and one-half inches, and the amount received was $766.25 as for the damages, and $153.25 as for the disbursements, and the defendant executed a conveyance and release, dated on that day, and recorded April 30, 1914, which recites that plaintiff is the owner of the premises therein described with a frontage of seventy-six feet seven and one-half inches; that appurtenant to said premises there are claimed to be certain rights or easements; that adjacent to said premises the companies are maintaining and operating an elevated railroad and that the parties thereto desire and intend for the consideration thereinafter expressed to settle and adjust all claims and causes of action against said companies which may thereafter arise to said defendant by reason of the construction, maintenance and use of a new third or middle track of said railroad adjacent to said premises, said third track to be constructed thereafter.

This was the identical sum mentioned in the last proposal by the plaintiff to the defendant, and on his recommendation and with the acquiescence of the plaintiff, the proposition was allowed to stand for the time being. It appears that the defendant saw fit to accept the offer made by the railroad company and did so accept it.

The agreement which had been entered into involved

the plaintiff holding himself in readiness to take any of several steps which might be necessary, if a proper occasion arose, to protect or assert the rights of the defendant, but it is quite manifest that the agreement was made with the intention of procuring a suitable settlement of the contention arising in reference to this property, and it is also manifest that since the defendant saw fit to accept the offer which had been made to her after the numerous negotiations of her lawyer his work has been completed, for the settlement of the case was one of the objects sought and it did result in the closing of the matter so far as the defendant's rights were concerned. Inasmuch, therefore, as the plaintiff had fulfilled his contract, the acquiescence being an act for the defendant to perform, he was entitled to receive the amount due thereunder. There was, therefore, no question of fact to be submitted to the jury, and at the close of the case, on motion of the plaintiff, the judgment for one-quarter of the amount received by the defendant should have been directed. The learned justice saw fit to deny this motion, and I think it was therefore error which calls for a reversal. It is quite true that a client is the owner of a cause of action, and may, at his pleasure, discharge the attorney; but the right of the client to terminate the lawyer's agency for him, although unquestioned, does not give to the client the right at the same time to refuse, if the work has been completed, the lawyer's right to his agreed compensation. The contract in this case being based upon a special agreement and the end to be attained having been secured by the lawyer's services, his work had been successfully rendered, substantially as agreed, and the cases all hold that he is entitled to recover in such a case, not on a *quantum meruit,* but on the contract. All the services which were to have been rendered under this

agreement were accepted by the client.   This completed the contract on both sides, leaving nothing further to be done except the receipt of the money from the railroad company by the defendant, and the payment of the agreed fee by the client.   There was nothing in the contract that smacked of fraud or imposition and the defendant cannot defeat the contract so far as the compensation of the attorney is concerned by exercising her undoubted right to discharge him, especially when all his work was done.   *Carlisle* v. *Barnes,* 102 App. Div. 573, and cases cited.

Judgment appealed from reversed with costs and judgment directed for the plaintiff for the amount demanded in the complaint, with the costs.

LEHMAN and WHITAKER, JJ., concur.

Judgment reversed, with costs, and judgment directed for plaintiff, with costs.